IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN SISSOM, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | CIVIL ACTION NO. 1:17-cv-00449-RP |
| VS. | § | |
| | § | |
| COUNTRYWIDE HOME LOANS, INC. | § | |
| D/B/A AMERICA'S WHOLESALE | § | |
| LENDER, THE BANK OF NEW YORK | § | |
| MELLON FKA THE BANK OF NEW | § | |
| YORK AS TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS CWALT, | § | |
| INC. SERIES-18CB and MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION FOR JUDGMENT AGAINST PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     PROCEDURAL HISTORY.................................................................................1

II.    STATEMENT OF FACTS .............................................................................1

III.   ARGUMENT AND AUTHORITIES ..............................................................3

      A.     Applicable Legal Standard...................................................................3

      B.     Plaintiff's Claim for Violation of the Texas Property Code Fails as a
              Matter of Law. ..................................................................................4

      C.     Plaintiff's TILA Claim is Barred by the Statute of Limitations. ...........................5

      D.     Plaintiff's Purported Claim for Violation of RESPA Is Inadequately Pled
              and Fails as a Matter of Law...................................................................6

      E.     Plaintiff's PSA and Related Assignment Challenges Hold No Water....................7

      F.     Plaintiff Is Not Entitled to Declaratory Relief and Her Requests for
              Declaratory Judgment Fail as a Matter of Law.......................................................10

      G.     Plaintiff Is Not Entitled to Injunctive Relief and Her Requests for a
              Temporary Restraining Order ("TRO") and Temporary Injunction Fail as
              a Matter of Law....................................................................................10

IV.    CONCLUSION.........................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................3, 4

*Barrett v. Bank of Am., N.A.*,
    No. 3:14-CV-3389-B, 2015 WL 668488 (N.D. Tex. Feb. 17, 2015) .......................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................3, 4

*Brown v. Ke-Ping Xie*,
    260 S.W.3d 118 (Tex. Civ. App.—Houston [1st Dist.] 2008, no pet.)....................................11

*Calderon v. Bank of Am., N.A.*,
    941 F. Supp. 2d 753 (W.D. Tex. 2013)......................................................................9

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ...............................................................................1

*Doe v. MySpace, Inc.*,
    528 F.3d 413 (5th Cir. 2008) ...............................................................................3

*Ermisch v. HSBC Bank, Nat. Ass'n.*,
    No. 15-50276, 2015 WL 7423234 (5th Cir. Nov. 20, 2015) ..................................................8

*Farkas v. GMAC Mortg., L.L.C.*,
    737 F.3d 338 (5th Cir. 2013) ...............................................................................8

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) ...............................................................................2

*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*,
    130 F.3d 1381 (10th Cir. 1997) .............................................................................1

*Guidry v. Am. Pub. Life Ins. Co.*,
    512 F.3d 177 (5th Cir. 2007) ...............................................................................3

*Herrera v. Wells Fargo Bank, N.A.*,
    No. H-13-68, 2013 WL 961511 (S.D. Tex. 2013)..............................................................8

*Hines v. Wells Fargo Bank, NA.*,
    No. H-13-00167, 2013 WL 5786473 (S.D. Tex. Oct. 28, 2013) ............................................5, 9

*Hughes v. The Tobacco Inst., Inc.*,
    278 F.3d 417 (5th Cir. 2001) ...............................................................................3

*Jameel v. Flagstar Bank, FSB*,
    No. H-12-1510, 2012 WL 5384177 (S.D. Tex. Nov. 2, 2012) ..................................................6

*Jolem, LLC v. Select Portfolio Servicing, Inc.*,
    No. H-14 3301, 2015 WL 3823642 (S.D. Tex. June 18, 2015)................................................8

*Lindsey v. Ocwen Loan Servicing, LLP*,
    No. 3:10-CV-967-L, 2011 WL 2550833 (N.D. Tex. June 27, 2011) ....................................10

*Powell v. Litton Loan Servicing, L.P.*, No. H-14-2700, 2015 WL 3827695 (S.D.
    Tex. May 20, 2015),
    *report and recommendation adopted,* No. H-14-2700, 2015 WL 3823141
    (S.D. Tex. June 18, 2015) .....................................................................................................8

*Reinagel v. Deutsche Bank Nat'l Trust Co.*,
    735 F.3d 220 (5th Cir. 2013) ........................................................................................ 7-8, 9

*Santarose v. Aurora Bank FSB*,
    No. H-10-720, 2010 WL 2232819 (S.D. Tex. June 2, 2010)...................................................9

*Sigaran v. U.S. Bank Nat. Ass'n*,
    560 F. App'x 410 (5th Cir. 2014) (per curiam) ............................................................. 7, 8-9

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (May 16, 2016)...........................................................................................6, 7

*Spositi v. Fed. Nat'l Mortgage Ass'n*,
    No. 4:11-cv-542, 2011 WL 5977319 (E.D. Tex. Nov. 3, 2011)............................................9

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009).................................................................................................................6

*Wildy v. Wells Fargo Bank, NA*,
    No. 3:12-CV-01831-BF, 2013 WL 246860 (N.D. Tex. Jan. 21, 2013)................................11

**Statutes**

15 U.S.C. § 1635(f) .........................................................................................................................5

15 U.S.C. § 1640(a)(l).....................................................................................................................6

15 U.S.C. § 1640(e) ........................................................................................................................5

15 U.S.C. § 1641(g)(1) ...................................................................................................................6

TEX. PROP. CODE § 51.002 ..........................................................................................................2, 4

TEX. PROP. CODE § 51.002(b) ..........................................................................................................4

TEX. PROP. CODE § 51.002(d) .......................................................................................................4, 5

**Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................................................1, 3

FED. R. CIV. P. 12(c) ...........................................................................................................1, 3, 4, 11

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender ("Countrywide"), The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Series 18CB ("BONY") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") respectfully move for a judgment on the pleadings against the Original Petition for Quiet Title and Application for Temporary Restraining Order and Injunctive Relief (the "Complaint" or "Compl."), filed by Plaintiff Susan Sissom ("Plaintiff") on May 1, 2017. Plaintiff's allegations lack any factual or legal basis and cannot support a cognizable claim for relief. The Court should, therefore, grant Defendants' motion and enter a judgment on the pleadings against the Complaint, with prejudice, pursuant to Rule 12(c).

## I.      PROCEDURAL HISTORY

Plaintiff commenced this action against Defendants by filing her original Complaint on May 1, 2017 in the 284th Judicial District Court, Montgomery County, Texas, as Cause No. 524-21. On May 12, 2017, Defendants timely removed this action to this Court. Doc. 1.

## II.     STATEMENT OF FACTS

On or about April 18, 2006, Plaintiff executed a note (the "Note," attached as **Exhibit A**)[1] in favor of America's Wholesale Lender ("AWL") in exchange for a loan in the principal amount of $241,792.00 (the "Loan"). Compl. ¶ 11. The Note was secured by a deed of trust on the property located at 106 Eight Oaks Drive, Bastrop, Texas 78602 (the "Property") executed by

---

[1] Because Plaintiff refers to the Note in the Complaint and because the Note is central to Plaintiff's claims, the Court may consider the Note without converting Defendants' Motion to Dismiss to a motion for summary judgment. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting with approval that various circuits consider as part of the pleadings documents attached to a defendant's motion to dismiss that are referred to in the complaint and are central to the Plaintiff's claims) (citing cases); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

1

Plaintiff on April 18, 2006, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AWL and its successors and assigns (the "Deed of Trust," attached as **Exhibit B**).[2]  *Id.* ¶ 10.  On or around July 18, 2011, MERS assigned the Deed of Trust to The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-18CB, Mortgage Pass-Through Certificates, Series 2006-18CB ("BONY" and the "Assignment," attached as **Exhibit C**).[3]

The Loan was twice modified since its inception, with a first loan modification agreement executed on or around June 22, 2010 by Plaintiff and BAC Home Loans Servicing, LP (the "2010 Loan Modification Agreement," attached as **Exhibit D**), and a subsequent loan modification agreement executed on around April 20, 2012, Plaintiff and BANA (the "2012 Loan Modification Agreement," attached as **Exhibit E**).  In a letter dated January 29, 2013, BANA informed Plaintiff that effective February 16, 2013, Resurgent Mortgage Servicing[4] would begin servicing the Loan (the "Servicing Transfer Letter," attached as **Exhibit F**). Following the servicing transfer letter, BANA ceased to have any involvement with this Loan.

In the Complaint, Plaintiff seeks to enjoin the foreclosure sale of the Property based on her allegations that Defendants failed to send proper notices under Texas Property Code § 51.002, failed to provide her notice of her right to rescind the Loan under the Truth in Lending Act ("TILA), and failed to inform her of a decision of her loss mitigation application in violation

---

[2] The Court should take judicial notice of the Deed of Trust because it was filed in the Official Public Records of Bastrop County, Texas under Instrument No. 200606154.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[3] The Court should take judicial notice of the Assignment because it was filed in the Official Public Records of Bastrop County, Texas on July 20, 2011 as Instrument No. 201107865.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

of the Real Estate Settlement Procedures Act ("RESPA").  Plaintiff also seeks declaratory and injunctive relief.  Plaintiff's allegations in the Complaint are conclusory and self-serving, and her claims are unsupported by fact, contrary to well-established Fifth Circuit precedent, barred as a matter of law, and otherwise fail to state a plausible claim for relief.  Thus, the Court should enter judgment against the Complaint and in favor of the Defendants, pursuant to 12(c).

### III.    ARGUMENT AND AUTHORITIES

#### A.    Applicable Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard for deciding a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).  Although the Court must accept the factual allegations in the pleadings as true, *id.*, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted).  While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Where a

---

[4] On or around October 1, 2013, Shellpoint Partners, LLC ("Shellpoint") by and through its wholly owned subsidiary, New Penn Financial LLC, acquired Resurgent Mortgage Servicing from Resurgent Capital Services.  For this reason, Shellpoint is the current servicer of the Loan.

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  As described below, Plaintiff fails to meet this standard; thus, the Court should grant Defendants' motion and enter judgment on the pleadings in Defendants' favor, with prejudice, pursuant to Rule 12(c).

**B.      Plaintiff's Claim for Violation of the Texas Property Code Fails as a Matter of Law.**

In her first cause of action, Plaintiff alleges a "Violation of Notice Requirements Under Texas Property Code Section 51.002."  Compl. ¶ 24.  In support of her claim, Plaintiff alleges that "Plaintiffs were never given the 20 day notice to cure, followed by the acceleration of the note and the notice of foreclosure sale…thus, Defendant(s) have violated Texas Property Code."  Compl. ¶ 25.  Presumably, Plaintiff's claim is brought under Tex. Prop. Code § 51.002(d), which states that a borrower must be provided at least twenty (20) days' notice of default and opportunity to cure prior to a mortgagee or mortgage servicer posting the property for foreclosure, and/or § 51.002(b), which requires that a borrower be provided at least twenty-one (21) days' notice prior to the foreclosure sale.  Tex. Prop. Code §§ 51.002(b), 51.002(d).

Plaintiff's claim fails at least as to Countrywide and MERS, because neither of these defendants has any obligations under Section 51.002, as the public record shows BONY is the mortgagee of record pursuant to the Assignment, and Shellpoint is the current servicer of Plaintiff's Loan.  Thus, the Court should dismiss Plaintiff's Property Code claim with prejudice as to defendants Countrywide and MERS.

As to defendant BONY, Plaintiff alleges that she was not provided the 20 day notice to cure; however she fails to state when the Note was allegedly accelerated, which is fatal to any potential claim under Section 51.002(b).  Compl. ¶ 25.  Likewise, to the extent she alleges a claim under Section 51.002(d), the real property records do not reveal that a foreclosure sale has

4

occurred nor does Plaintiff allege that a sale has occurred.  Because a foreclosure sale has not

occurred, BONY cannot be liable under Section 51.002(d) for any purported failure to provide

21 days' notice of the foreclosure sale. Tex. Prop. Code § 51.002(d).  Accordingly, Plaintiff's

claim for violation of the Texas Property Code fails as to BONY.

For these reasons, Plaintiff's allegations regarding the failure to send the requisite notices

do not support a claim for violation of the Texas Property Code against any Defendant, and the

Court should enter judgment against the Complaint and in favor of Defendants.

**C.      Plaintiff's TILA Claim is Barred by the Statute of Limitations.**

In her second cause of action, Plaintiff alleges a violation of "the disclosure requirements

of the U.S. Truth in Lending Act as well as state law" by Defendants Countrywide and AWL.[5]

Compl. ¶ 26.  Plaintiff's conclusorily allegation that "Countrywide and AWL have violated the

disclosure requirements" of TILA does not establish a plausible claim for violation of TILA

because it is time-barred.   Compl. ¶ 26.   Moreover, Plaintiff does not allege any facts to

demonstrate she suffered "actual damages" as a result of any alleged failure to "provide a Notice

of Right to Cancel" at the Loan's closing over ten years ago on April 18, 2006.  *See id.* ¶ 28.

The law is clear that Plaintiff's allegations do not support a plausible claim for relief

under TILA because:

- Any claim for violation of TILA based on the failure to provide disclosures at origination is time-barred by the one-year statute of limitations applicable to TILA claims under 15 U.S.C. § 1640(e).  Because a TILA claim accrues on the date of the alleged non-disclosure, which in this instance is the date of origination, i.e., April 18, 2006, Plaintiff's claim is time-barred as a matter of law.  *See Hines v. Wells Fargo Bank, NA.,* No. H-13-00167, 2013 WL 5786473, at *9 (S.D. Tex. Oct. 28, 2013);

- A claim for rescission under TILA must be filed within three years of the loan transaction.  *See* 15 U.S.C. § 1635(f) ("Any claim for rescission must be brought within three years of consummation of the transaction or upon the sale of the property, whichever occurs first ...."). Here, because the Loan was originated on April 18, 2006, Plaintiff's claim for rescission under TILA expired and was

---

[5] Plaintiff does not appear to assert this claim against Defendants MERS and BONY.

completely extinguished on *April 18, 2009,* almost *eight* years before Plaintiff filed the Complaint

- TILA expressly states that a creditor charged with a violation of § 1641(g)(1) only faces liability for "any *actual damage* sustained by such person" as a result of the violation. *See Jameel v. Flagstar Bank, FSB,* No. H-12-1510, 2012 WL 5384177, at *8 (S.D. Tex. Nov. 2, 2012) (citing 15 U.S.C. § 1640(a)(l));

- In the absence of allegations that Plaintiff suffered *actual* damages as a result of the alleged failure to provide accurate material disclosures, Plaintiff lacks Article III standing to bring her TILA claim against Defendants because she does not allege an actual, concrete harm. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (May 16, 2016).[6]

Plaintiff cannot overcome these pleading deficiencies, each of which is fatal to her TILA claim as a matter of law. And as to an alleged violation of "disclosure requirements" under "state law," Compl. ¶ 26, Plaintiff does not identify what specific state law she alleges was violated. Her conclusory allegations, therefore, do not support a plausible claim for relief. Accordingly, the Court should enter judgment in favor of Defendants and against the Complaint with prejudice.

## D.     Plaintiff's Purported Claim for Violation of RESPA Is Inadequately Pled and Fails as a Matter of Law.

Plaintiff asks the Court to "declare that the lender and/or servicer have not acted in good faith" as it has not yet "accepted nor rejected" her purported loan modification application. Compl. ¶¶ 30-31. However, none of the named Defendants services the Loan, and therefore, Defendants could not have "accepted or rejected" any new modification application submitted by

---

[6] In *Spokeo*, the Supreme Court held that a claimant lacks Article III standing to bring claims for statutory damages in the absence of any allegations of actual damages. For an injury to be concrete it must be real and not abstract. *Spokeo*, 136 S. Ct. at 1548. While intangible injuries can be concrete, standing still requires a "factual showing of perceptible harm*." Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) (internal citation omitted). The fact that Congress creates a statutory right, and supposedly grants an individual the right to sue to enforce that right, does not automatically create standing. *Spokeo*, 136 S. Ct. at 1549. Depriving an individual of a procedural right without affecting some concrete interest is insufficient to create standing. *Id.*; *Summers,* 555 U.S. at 496. A claimant such as Plaintiff, therefore, "cannot satisfy the demands of Article III by alleging a mere procedural violation." *Spokeo*, 136 S. Ct. at 1550. There must be an actual, concrete harm. *Id.*

Plaintiff.  Similar to her other claims, Plaintiff fails to state any of the facts surrounding this allegation, as she does not allege when the alleged loan modification was sent, to whom it was sent, or the circumstances under which she claims she submitted the "loan modification."  *See generally* Compl.  Presumably, any "loan modification" negotiations were not with Defendants, as none of those defendants services the Loan.  Thus, none of the Defendants could be held liable for a RESPA violation based on the facts alleged by Plaintiff.

Finally and most importantly, Plaintiff lacks Article III standing under *Spokeo* because she does not allege sufficient facts to show she suffered any actual damages as a result of an alleged violation of RESPA, and does not allege an actual, concrete injury as the real property records do not reveal that a foreclosure sale has occurred.  *Spokeo,* 136 S. Ct. at 1548.  For all of these reasons, Plaintiff does not and cannot plead a plausible claim for violation of RESPA, and the Court should enter judgment against Plaintiff's claim and in favor of Defendants, with prejudice.

**E.    Plaintiff's PSA and Related Assignment Challenges Hold No Water.**

Plaintiff appears to challenge MERS's ability to assign the Mortgage and BONY's standing to foreclose.  Compl. ¶¶ 14, 20, 23.  Specifically, Plaintiff alleges that MERS assigned "outside the parameters…of the PSA" (Compl. ¶ 16) and that MERS is "incapable of conveying any interest from one party to another" (Compl. ¶ 23).  Such allegations cannot support any claims in this lawsuit because Plaintiff lacks standing to assert violations of the PSA or to challenge any assignment that purportedly violates the closing date provision of the PSA.

It is well-established in the Fifth Circuit that borrowers, such as Plaintiff, lack standing to assert violations of pooling and servicing agreements to which they are not a parties to or intended third-party beneficiaries. *See Sigaran v. U.S. Bank Nat. Ass'n,* 560 F. App'x 410, 413-14 (5th Cir. 2014) (per curiam) (applying *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d

220, 228 (5th Cir. 2013) and holding that "under either New York or Texas law," plaintiffs did "not have the right to challenge this violation of the terms of the PSA."); *Ermisch v. HSBC Bank, Nat. Ass'n.*, No. 15-50276, 2015 WL 7423234, at *2 (5th Cir. Nov. 20, 2015); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("borrowers, as non-parties to the PSA, have no right to enforce its terms unless they are its intended third-party beneficiaries") (citations and quotations omitted); *Powell v. Litton Loan Servicing, L.P.*, No. H-14-2700, 2015 WL 3827695, at *5 (S.D. Tex. May 20, 2015), *report and recommendation adopted*, No. H-14-2700, 2015 WL 3823141 (S.D. Tex. June 18, 2015) (holding that plaintiff lacked standing to assert violations of a pooling and servicing agreement even if New York law were applied); *Jolem, LLC v. Select Portfolio Servicing, Inc.*, No. H-14 3301, 2015 WL 3823642, at *5-6 (S.D. Tex. June 18, 2015) ("However, under either New York or Texas law, Jolem does not have standing to challenge violations of the terms of the PSA."); *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *8-9 (S.D. Tex. 2013) (plaintiffs had no standing to sue for violations of pooling and service agreement because they were not parties to it); *Barrett v. Bank of Am., N.A.*, No. 3:14-CV-3389-B, 2015 WL 668488, at *3 (N.D. Tex. Feb. 17, 2015) ("Plaintiff lack[ed] standing to challenge the securitization process or to allege violations of the pooling and servicing agreement ... because Plaintiff has failed to state any facts to suggests that she was a party to the PSA or that the parties to the PSA intended to benefit her.").  Thus, because Plaintiff does not and cannot allege that she is a party to or intended third-party beneficiary of the PSA, Plaintiff lacks standing to assert violations of the PSA under Texas law.

Plaintiff also lacks standing to challenge any assignments that purportedly violate the closing date provision of the PSA because such a violation would merely render the assignment voidable, not void.  *See Jolem, LLC*, 2015 WL 3823642, at *6 ("Jolem lacks standing to challenge the assignment for violation of the terms of the PSA."); *Sigaran*, 560 F. App'x at 414;

8

*Reinagel*, 735 F.3d at 225-226 (discussing limited exception allowing a non-party to only challenge an assignment on grounds that would render it void); *Calderon v. Bank of Am., N.A.*, 941 F. Supp. 2d 753, 766 (W.D. Tex. 2013) (an assignment that allegedly violates a PSA "would merely be voidable at the election of one or more of the parties—not void."); *Hines v. Wells Fargo Bank, N.A.*, No. H-13-167, 2013 WL 5786473, at *4 (S.D. Tex. Oct. 28, 2013) (a breach of a pooling and servicing agreement would not render an assignment void). Accordingly, any claims in this lawsuit based on alleged violations of the PSA and/or the Loan's securitization fail as a matter of law and judgment should be entered in favor of Defendants.

Likewise, Plaintiff's challenge to MERS's authority to assign the Deed of Trust fails as a matter of law. Plaintiff herself granted the subject Deed of Trust to MERS as nominee for the lender, and the Deed of Trust expressly contemplates that MERS, as nominee, may assign the Deed of Trust to third-parties. *See* Ex. B at 2 ("MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is a beneficiary under this Security Instrument**.") (emphasis in original); *id.* at 4 ("***The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS***.") (emphasis added). Moreover, federal courts in this state have held that MERS has the legal authority to assign deeds of trust. *See, e.g., Spositi v. Fed. Nat'l Mortgage Ass'n*, No. 4:11-cv-542, 2011 WL 5977319, at *4 (E.D. Tex. Nov. 3, 2011) (finding that MERS was a valid mortgagee under Texas law and that MERS had the ability to transfer its rights and interests in the deed of trust); *Santarose v. Aurora Bank FSB*, No. H-10-720, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010) (noting the "plain language of the deed of trust" is evidence that the lender authorized MERS to act on its behalf in regard to the deed of trust). Accordingly, Plaintiff's challenge to MERS's ability to assign the Deed of

Trust fails as a matter of law, and the Court should enter judgment in favor of Defendants on any claim based on a challenge to the Assignment.

**F.  Plaintiff Is Not Entitled to Declaratory Relief and Her Requests for Declaratory Judgment Fail as a Matter of Law.**

Plaintiff has failed to sufficiently plead a plausible claim for relief, thus she is not entitled to declaratory relief. Plaintiff nonetheless requests a judgment "that Defendants have engaged in attempted wrongful foreclosure" and that "Plaintiff is the rightful owner of the subject property." Compl. ¶ 29. Plaintiff does not state a plausible claim for relief against any Defendant, she has no standing to challenge the Assignment, and s h e provides no factual basis to support a declaration that Plaintiff owns the Property to the exclusion of the Deed of Trust, which remains a valid and enforceable lien on the Property. *See Lindsey v. Ocwen Loan Servicing, LLP*, No. 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) (dismissing claim for declaratory judgment because "[a]s Plaintiff s underlying claim for wrongful foreclosure will be dismissed, there is nothing remaining for the court to adjudicate in this proceeding, and Plaintiff is not entitled to any such relief."). Furthermore, Plaintiff fails to allege which Defendant is purportedly engaging in attempted wrongful foreclosure. *See generally* Compl. Plaintiff, therefore, is not entitled to the declaratory relief she seeks in the Complaint. Thus, the Court should deny or dismiss Plaintiff's requests for declaratory relief with prejudice.

**G.  Plaintiff Is Not Entitled to Injunctive Relief and Her Requests for a Temporary Restraining Order ("TRO") and Temporary Injunction Fail as a Matter of Law.**

Plaintiff is not entitled to a TRO or temporary injunction because Plaintiff does not state a plausible claim for relief, as discussed above. Nonetheless, Plaintiff asks the Court to issue a TRO and temporary injunction barring a foreclosure sale of the Property. Compl. ¶¶ 35-36. Under Texas law, a request for injunctive relief is not itself a cause of action; rather, it depends

on an underlying cause of action. *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. Civ. App.—Houston [1st Dist.] 2008, no pet.)).  Because each of Plaintiff's underlying claims fails, Plaintiff's requests for injunctive relief necessarily fail.  Thus, the Court should enter judgment in favor of Defendants and against the Complaint, with prejudice.

## IV.    CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant their motion and enter judgment on the pleadings in favor of Defendants and against the Complaint on all issues, pursuant to Rule 12(c).

Dated: July_____, 2017                     Respectfully submitted,


*/s/ Kathryn B. Davis*
Kathryn B. Davis
Texas Bar No. 24050364
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Tel. (713) 651-2600
Fax (713) 651-2700
kbdavis@winston.com

***ATTORNEY FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and caused a copy of same to be delivered to pro se Plaintiff via regular U.S. mail and email at the following:

> Susan Sissom
> 106 Eight Oaks Drive
> Bastrop, Texas 78602

> */s/ Kathryn B. Davis*
> Kathryn B. Davis