IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN SISSOM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-cv-449-RP |
| COUNTRYWIDE HOME LOANS, INC., THE BANK OF NEW YORK MELLON, and MORTGAGE ELETRONIC REGISTRATION SYSTEMS, INC., | § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Susan Sissom's Motion to Dismiss Defendants' Motions for Lack of Jurisdiction. (Dkt. 12). By way of her motion, Plaintiff asserts that this court lacks both personal and subject matter jurisdiction and therefore must remand the action back to state court.

The Court has personal jurisdiction over the parties. Plaintiff is subject to the jurisdiction of this Court because she is domiciled within this forum. *See Goodyear Dunlop Tires Corp., S.A. v. Brown*, 564 U.S. 915 (2011) ("For an individual, the paradigm forum for the exercise of general [personal] jurisdiction is the individual's domicile . . . ."). Defendants have also impliedly consented to this Court's exercise of jurisdiction by removing the case to federal court and seeking affirmative relief without raising an objection to jurisdiction. *See Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 786 (5th Cir. 1990) ("If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection."), *abrogated on other grounds as stated in Johnson v. Baylor University*, 214 F.3d 630, 633 (5th Cir. 2000).

Subject matter jurisdiction likewise exists. This Court has jurisdiction to adjudicate all cases and controversies arising under federal law. U.S. Const. art. III, § 2; 18 U.S.C. § 1331. In this case, Plaintiff clearly asserts a claim under 15 U.S.C. § 1601, a federal statute. *See Rivet v. Regions Bank of*

*La.*, 522 U.S. 470, 475 (1998) ("We have long held that '[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). And because the Court has original jurisdiction over Plaintiff's federal claim, it likewise has supplemental jurisdiction over her related state law claim. 28 U.S.C. § 1367.

Plaintiff's objection to the Court's jurisdiction is therefore without basis and her motion is hereby **DENIED**. (Dkt. 12).

**SIGNED** on August 17, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE