IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN SISSOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-cv-449-RP |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| and MORTGAGE ELETRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendants' Motion for Judgment on the Pleadings. (Dkt. 7). Having considered the pleadings, the factual record, and the relevant case law, the Court grants the motion.

Plaintiff Susan Sissom ("Plaintiff") filed this action in the 21st District Court in Bastrop County, Texas on May 1, 2017. This is a foreclosure case. Plaintiff received a notice of sale on March 23, 2017, informing her that a property she owned would be sold on May 2, 2017. (Dkt 1-4). Plaintiff asked for and received a temporary restraining order enjoining the foreclosure sale from the Bastrop County District Court on May 2, 2017. (Dkt. 1-5). That court scheduled a hearing for May 15, 2017, to consider extending the injunction. (*Id.*).

Before the hearing could take place, however, Defendants Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender ("Countrywide"); The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Series 18CB ("BONYM"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a notice of removal invoking this Court's federal question jurisdiction. (Dkt. 1).[1] Defendants then filed this motion for judgment on the pleadings on August 1, 2017. Plaintiff has filed no response.

---
[1] Plaintiff's state-court petition included claims for relief arising under federal law. (Dkt. 1-1, ¶¶ 26–28).

Given Plaintiff's failure to respond, the Court may consider Defendants' motion to be unopposed. *See* Loc. R. W. D. Tex. CV-7(e)(2) (requiring an opposing party to respond to a dispositive motion within 14 days and allowing the district court to grant a motion as unopposed if no timely response is filed). The Court acknowledges the Fifth Circuit's reluctance to dispose of a cause of action simply for failure to comply with a response deadline imposed by the local rules. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (noting disapproval of an automatic grant of a dispositive motion for failure to comply with local rules).

Nearly four months have elapsed since Defendants' motion was filed, without a response from Plaintiff. Under the Fifth Circuit's precedent, several months' delay, on its own, is not sufficient to dispose of a case with prejudice. *See id.* at 918–19 (two months' delay); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (three months' delay). That said, delay is not the only factor the Court is permitted to consider. The Court may also consider a party's "contumacious conduct," which the Fifth Circuit has described as "stubborn resistance to authority" rather than mere negligence or carelessness. *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988) (quoting *John v. Louisiana,* 828 F.2d 1129, 1131–32 (5th Cir. 1987)).

Here, there is both delay and contumacious conduct. Plaintiff—proceeding *pro se*—did file two timely responses to Defendants' motion. The first, filed two days afterward, asked the district clerk to enter a default against Countrywide. (Dkt. 10). The Court denied that motion, explaining that Countrywide had filed a pleading or otherwise defended Plaintiff's action. (Dkt. 11). Twelve days later, Defendant filed a second motion, this time asking the Court to dismiss this action for lack of jurisdiction based on the premise that the Court lacks "authority over subject matters outside of Washington, D.C." (Dkt. 12, at 2). The Court denied that motion, explaining the Court's jurisdiction to Plaintiff. (Dkt. 13). Approximately one month later, Plaintiff filed a document entitled "Plea of Jurisdiction of the Court," in which Plaintiff stated that the Court failed to "offer any proof" of its

jurisdiction over Plaintiff's case and asked the Court to "immediately provide evidence" of its jurisdiction. (Dkt. 14).

Plaintiff's conduct indicates that she is attentive to this action and capable of filing prompt motions and responses. Thus, Plaintiff's four-month delay in responding to Defendants' motion cannot be attributed to mere negligence or carelessness. Instead, her responses display a stubborn resistance to the Court's authority and suggest that her failure to respond to Defendants' complaint is due to a willful refusal to comply with the Court's rules. Plaintiff's conduct thus rises to the level at which it becomes appropriate to grant Defendants' motion as unopposed.

Although Defendants ask the Court to dismiss Plaintiff's action with prejudice, (Dkt. 7, at 11), the Court recognizes that dismissal with prejudice is an "extreme sanction" that is to be rarely applied. *McNeal*, 842 F.2d at 790. Furthermore, "a *pro se* litigant should [generally] be offered an opportunity to amend his [or her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Accordingly, the Court declines to dismiss Plaintiff's action with prejudice without first providing her with the opportunity to amend her complaint.

At this stage in the litigation, Plaintiff may only amend her pleading with Defendants' consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Therefore, **IT IS HEREBY ORDERED** that Plaintiff must either obtain Defendants' consent or seek the Court's leave to amend her complaint **on or before January 5, 2018**. Failure to do so will result in dismissal of Plaintiff's action with prejudice.

**SIGNED** on December 12, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE